Nos. 17-16456, 17-16459, 17-16541

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

IRA CONNER ERWIN; CHRISTOPHER ANDREWS;
PAMELA A. SWEENEY,

*Objectors-Appellants*,

---

MATTHEW EDWARDS, et al., individually and on behalf of all others
similarly situated,

*Plaintiffs-Appellees*,

v.

NATIONAL MILK PRODUCERS FEDERATION; DAIRY FARMERS
OF AMERICA, INC.; LAND O'LAKES, INC.; DAIRYLEA
COOPERATIVE INC.; and AGRI-MARK, INC.,

*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the Northern District of California, Oakland Division
The Honorable Jeffrey S. White
No. 11-CV-04766-JSW
[consolidated with 11-CV-04791-JSW and 11-CV-05253-JSW]

---

## PLAINTIFFS-APPELLEES' MOTION FOR SUMMARY AFFIRMANCE

---

Steve W. Berman
HAGENS BERMAN SOBOL
SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Elaine T. Byszewski
HAGENS BERMAN SOBOL
SHAPIRO LLP
301 N. Lake Ave., Suite 920
Pasadena, CA 91101
(213) 330-7150
elaine@hbsslaw.com

*Attorneys for Plaintiffs-Appellees*

## CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee Boys and Girls Club of the East Valley is a nongovernmental non-profit corporate party in this proceeding. Plaintiff-Appellee Boys and Girls Club of the East Valley hereby states that it has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

010263-11 981358 V1

## TABLE OF CONTENTS

Introduction ............................................................................................1

Factual and Procedural Background ..........................................................4

Argument...................................................................................................8

    I.    Summary affirmance of the rejected objections is appropriate. ..........8

    II.    Appellant Erwin's grounds for appeal are so insubstantial as not to justify further proceedings. .......................................................10

        A.    There is no basis in law or fact for Erwin's appeal of the fee award. ..........................................................................10

        B.    Multipliers are permissible. .......................................................12

        C.    Paying fees with one check is permissible................................13

    III.    Appellant Andrews's various grounds for appeal are also so insubstantial as not to justify further proceedings. ............................13

    IV.    Appellant Sweeney's various grounds for appeal are also so insubstantial as not to justify further proceedings. ............................17

Conclusion ..............................................................................................19

010263-11  981358 V1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bickley v. Scheider Nat'l, Inc.*,
   No. 08-cv-05806-JSW, 2016 WL 9114937
   (N.D. Cal. Nov. 28, 2016)..........................................................11, 12, 15, 16, 18

*Bonilla v. Holder*,
   317 F. App'x 710 (9th Cir. 2009) ........................................................................8

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   281 F.R.D. 531 (N.D. Cal. 2012)....................................................................1, 2

*Dennings v. Clearwire Corp.*,
   No. 10-cv-1859 (W.D. Wash. Aug. 20, 2013), ECF No. 166 ..............................2

*Dennings v. Clearwire Corp.*,
   No. 13-35038, 2013 WL 12233931 (9th Cir. Apr. 22, 2013)................3, 4, 9, 10

*Devlin v. Scardelletti*,
   536 U.S. 1 (2002)..................................................................................................8

*In re Gen. Elec. Co. Secs. Litig.*,
   998 F. Supp. 2d 145 (S.D.N.Y. 2014) ................................................................2

*Glover v. Ferrero USA, Inc.*,
   3:11-cv-01086, 2012 WL 12996302 (D.N.J. Sept. 18, 2012) .............................2

*Horn v. Carter*,
   209 F. App'x 672 (9th Cir. 2006) ........................................................................9

*In re Hydroxycut Mktg. and Sales Prac. Litig.*,
   No. 09-md-2087-BTM, 2013 WL 5275618
   (S.D. Cal. Sept. 17, 2013) ...................................................................................2

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012) ..............................................................................8

*Larsen v. Trader Joe's Co.*,
No. 11-cv-05188-WHO, 2014 WL 3404531
(N.D. Cal. July 11, 2014) ..................................................................... 3

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) ............................................................. 9

*Neitzke v. Williams*,
490 U.S. 319 (1989) ........................................................................... 15

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ................................................... 9, 10, 19

*In re Polyurethane Foam Antitrust Litig.*,
178 F. Supp. 3d 635, 640 (N.D. Ohio 2016) ................................... 3, 17

*In re Polyurethane Foam Antitrust Litig.*,
No. 16-3168, 2016 WL 6599570 (6th Cir. June 20, 2016) ................... 2

*In re Polyurethane Foam Antitrust Litig.*,
No. 1:10 MD 2196, 2016 WL 6599969
(N.D. Ohio Oct. 24, 2016) ................................................................... 2

*Powers v. Eichen*,
229 F.3d 1249 (9th Cir. 2000) ..................................................... 10, 19

*Presley v. Carter Hawley Hale Profit Sharing Plan*,
No. C 97-04316-SC, 2000 WL 16437 (N.D. Cal. Jan. 7, 2000) ........ 13

*Spann v. J.C. Penny Corp.*,
No. SACV 12-0215-FMO, 2016 WL 5844606
(C.D. Cal. Sept. 30, 2016) .................................................................... 3

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ....................................................... 10, 19

*In re TRS Recovery Servs., Inc. & Telecheck Servs., Inc., Fair Debt
Collection Prac. Act (FDCPA) Litig.*,
No. 13-md-2426, 2016 WL 543137 (D. Me. Feb. 10, 2016) ............. 17

*U.S. v. Hooton*,
693 F.2d 857 (9th Cir. 1982) ............................................................... 8

-iv-

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ..........................................................................12

*In re Wal-Mart Wage & Hour Employment Practices Litig.*,
  No. 09-17648, 2010 WL 11545542 (9th Cir. Aug. 10, 2010)..........................3, 9

**Other Authorities**

9th Cir. R. 3-6 ...............................................................................................1, 8

Fed. R. App. P. 24 ...............................................................................................13

Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action
  Litigation: A Pocket Guide for Judges*, 17 (Fed. Jud. Ctr., 3rd ed.
  2010) ...............................................................................................................3

Fitzpatrick, Brian T., *The End of Objector Blackmail?*, 62 VAND. L.
  REV. 1623, 1624-25, 1633-41 (2009) ................................................................1

Newberg on Class Actions § 15:23 (5th ed.) ......................................................13

010263-11 981358 V1

## INDEX OF EXHIBITS

| Exhibit No. | Orders | ECF No. |
|---|---|---|
| 1. | Final Judgment as Modified | 487 |
| 2. | Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement as Modified | 486 |
| 3. | Order Ruling on Objections to Class Action Settlement; Granting in Part Motion for Attorneys' Fees, Costs, and Incentive Awards; and Ruling on Motions to Suppress, Unseal, and Strike | 485 |
| | Documents | |
| 4. | Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Costs, and Incentive Awards | 436 |
| 5. | Declaration of Elaine T. Byszewski in Support of Plaintiffs' Notice of Motion for Attorneys' Fees, Costs, and Incentive Awards [exhibit excerpted] | 436-1 |
| 6. | Objection of Ira Conner Erwin | 441 |
| 7. | Objection of Pamela A. Sweeney, Pro Se to Proposed Settlement & Notice of Intent Not to Appear at Fairness Hearing | 449 |
| 8. | Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement | 451 |
| 9. | Declaration of Elaine T. Byszewski in Support of Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement | 451-1 |
| 10. | Declaration of Alan Vasquez Regarding Implementation of Class Notice Plan | 451-3 |

-vi-

010263-11 981358 V1

| 11. | Declaration of Jonathan Mendelson re Report of Number of Claimants and Amount to be Distributed to Each Level of Claimant | 491 |
|-----|-----|-----|
| 12. | Stipulation and Order re Amended Distribution Scheduled as Modified | 492 |
| 13. | Christopher Andrews, Pro Se Objector, Non Attorney Notice of Appeal of Settlement and Attached Motion to Proceed In Forma Pauperis | 495 |

010263-11 981358 V1

## Introduction

Pursuant to Ninth Circuit Rule 3-6, plaintiffs-appellees respectfully move for summary affirmance of the district court's orders entering judgment, awarding fees, and granting final approval to the class action settlement of this case.[1] Appellants Erwin, Andrews, and Sweeney filed meritless objections to the settlement and fee award proposed by class counsel. The district court denied each specific basis for the objections. Appellants now appeal the rejection of their objections on grounds so insubstantial that no further proceedings are necessary.

Indeed, appellants are engaged in what courts and commentators have characterized as "objector blackmail."[2] As one court has described appellant Erwin's counsel:

> [A]ttorney Christopher Bandas [is] a professional or serial objector…. Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct.[3]

---

[1] *See* Exs. 1-3. Plaintiffs-appellees file this identical motion in each of the three objector appeals.

[2] Fitzpatrick, Brian T., *The End of Objector Blackmail?*, 62 Vand. L. Rev. 1623, 1624-25, 1633-41 (2009).

[3] *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012). Internal citations, quotations, and footnotes omitted, and emphasis added, unless otherwise indicated.

As he has done in other cases, "Bandas is … improperly attempting to hijack the settlement of the actions from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate, and unspecified legal fees."[4]

Likewise, the Sixth Circuit has characterized pro se appellant Andrews as a "[p]rofessional objector," whose objections are "based on nothing more than unsupported suppositions" and therefore "lack merit," and whose appeal has "the practical effect of prejudicing the [class] by delaying the disbursement of settlement funds."[5] He was thereafter sanctioned for his "vexatious use of the judicial system," which was motivated "either to extort a pay-off from the [class] or as a delay tactic to prolong his coercion attempt."[6]

---

[4] *Id.* at n.4. *See also, e.g., In re Gen. Elec. Co. Secs. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014) ("[Objector's] relationship with Bandas, a known vexatious appellant, further supports a finding that [objector] brings this appeal in bad faith."); *In re Hydroxycut Mktg. and Sales Prac. Litig.*, No. 09-md-2087-BTM, 2013 WL 5275618, at *5 (S.D. Cal. Sept. 17, 2013) (finding "credible" testimony that Bandas told plaintiffs' counsel "he was willing to wager that [plaintiff] would gladly pay him somewhere in the neighborhood of $400,000 to make his objection go away – otherwise, he could hold the settlement process up for two to three years through the appeal process"); *Dennings v. Clearwire Corp.*, No. 10-cv-1859 (W.D. Wash. Aug. 20, 2013), ECF No. 166 (minute entry sanctioning Bandas by revoking his authority to practice in the Western District of Washington).

[5] *In re Polyurethane Foam Antitrust Litig.*, No. 16-3168, 2016 WL 6599570, at *1-2 (6th Cir. June 20, 2016).

[6] No. 1:10 MD 2196, 2016 WL 6599969, at *1 (N.D. Ohio Oct. 24, 2016); *see also Glover v. Ferrero USA, Inc.*, 3:11-cv-01086, 2012 WL 12996302 (D.N.J. Sept. 18, 2012) (describing Andrews as a "professional objector who has extorted additional fees from counsel in other cases through his objections or threats to object and has as well … done so in this case").

Similarly, courts have commented that pro se appellant Pamela Sweeney and her attorney husband are "so prolific in objecting to class action settlements that the court received an objection from him in a completely unrelated case … where the final fairness hearing was held on the same day as the instant case."[7] Another court stated he has "shown bad faith and vexatious conduct, both in prior cases and in this action, in the pursuit of a payoff."[8] Thus, the Federal Judicial Center advises courts to "[w]atch out . . . for canned objections from professional objectors who seek out class actions to extract a fee by lodging generic, unhelpful protests."[9]

The Court has heeded this advice. In 2010[10] and again in 2013,[11] this Court granted summary affirmance in appeals brought by professional objectors, including one represented by Bandas making strikingly similar objections as those made by Erwin here.[12] This Court should grant summary affirmance again now.

---

[7] *Spann v. J.C. Penny Corp.*, 2016 WL 5844606, at *10 n.11 (C.D. Cal. Sept. 30, 2016); *see also Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at *7 n.4 (N.D. Cal. July 11, 2014) (overruling the objections of Sweeney and his wife).

[8] *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 640 (N.D. Ohio 2016).

[9] Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* 17 (Fed. Jud. Ctr., 3rd ed. 2010).

[10] *In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 09-17648, 2010 WL 11545542 (9th Cir. Aug. 10, 2010); *see also* 2010 WL 11545609 (9th Cir. May 10, 2010) (motion).

[11] *Dennings v. Clearwire Corp.*, No. 13-35038, 2013 WL 12233931 (9th Cir. Apr. 22, 2013); *see also* 2013 WL 12234566 (9th Cir. Feb. 26, 2013) (motion).

[12] *Id.* at *12, *15-16, *17-18.

-3-

## Factual and Procedural Background

On September 26, 2011, indirect purchasers of milk and fresh milk products sued defendants for violating the antitrust and consumer protection statutes of various states.[13]  Plaintiffs alleged that defendants participated in an almost decade-long conspiracy to pay farmers to prematurely slaughter their dairy cows in order to reduce the supply of milk and thereby increase its price.[14]  Defendants moved to dismiss, which the Court denied on October 30, 2012.[15]

Following discovery, plaintiffs moved for class certification, which defendants vigorously opposed in multiple rounds of briefing, including a *Daubert* motion to exclude plaintiffs' class certification economist, Dr. John Connor, and the exchange of seven expert reports.[16]  The district court denied the *Daubert* motion and certified sixteen indirect purchaser classes.[17]  Defendants then petitioned for permission to appeal, which was denied on December 3, 2014.[18]

---

[13] ECF No. 1.

[14] *Id.*

[15] Ex. 5, ¶¶ 5-8.

[16] *Id.*, ¶¶ 9-15.

[17] *Id.*, ¶ 16.

[18] *Id.*, ¶ 17.

On January 16, 2015, the first mediation took place before the Hon. Phillips, but the case was not resolved.[19] Defendants then sought a writ of certiorari with the Supreme Court, which was denied on April 27, 2015.[20] Notice then went out to millions of class members, and counsel conducted intensive discovery in preparation for trial.[21]

After the close of fact discovery, the parties fully briefed cross-motions for summary adjudication, as well as multiple motions filed by defendants to exclude the opinions of plaintiffs' economist on the merits, Dr. David Sunding, and to decertify the classes—and these motions involved the exchange of twelve more expert reports.[22] While these motions were pending before the district court, the parties had another mediation session before the Hon. Phillips on May 16, 2016. The mediation did not result in an agreement.[23] But the parties continued to discuss resolution and subsequently reached an agreement to settle the case for $52 million in cash, thus ending five-years of litigation with defendants.[24]

---

[19] *Id.*, ¶ 18.

[20] *Id.*, ¶ 17.

[21] *Id.*, ¶¶ 19-27.

[22] *Id.*, ¶¶ 28-30.

[23] *Id.*, ¶ 31.

[24] *Id.*, ¶¶ 31, 33.

Plaintiffs then sought and the district court granted preliminary approval of the settlement.[25]  After notice went out to the estimated 73 million class members, 3,846,940 ultimately made claims,[26] 8 objected,[27] and 1 opted out.[28]

Plaintiffs then moved for final approval and an award of fees, costs, and incentive awards.  As set forth in that motion, the $52 million recovery represented almost 30% percent of the estimated total damages for the certified classes.[29]  And class counsel invested over 12,000 hours of attorney and paralegal time and millions of dollars in out-of-pocket costs.[30]  The court granted final approval, determining that the settlement "arises out of extended, informed, arm's-length negotiations between counsel for the parties" and that "without exception, each of the factors that this Court considers in its sound discretion supports final approval of the settlement" as "fair, adequate, and reasonable."[31]

Moreover, the district court awarded counsel $13 million in fees, which amounted to 25% of the fund or a 2 multiplier on lodestar, as "appropriate and fair

---

[25] *Id.*

[26] Ex. 11, ¶ 3.

[27] ECF Nos. 432, 434, 435, 437, 440, 441, 444, 446 (supplemental), 449, & 450 (corrected).

[28] Ex. 10, ¶ 26 & Exhibit 3.

[29] Ex. 9, ¶ 11; *see also* Ex. 8.

[30] Ex. 4 at 13; *see also* Ex. 5, ¶¶ 39-45.

[31] Ex. 2 at 7, 8, 13.

to compensate Plaintiffs' counsel for their substantial work in the case"—though "somewhat lower" than the amount requested.[32]  In so doing, the Court overruled all of the objections "except to the extent that they generally object to the request for attorneys' fees of one third of the settlement fund as too high, consistent with this Court's analysis and in the exercise of discretion."[33]

Three objectors—Erwin, Andrews, and Sweeney—then filed appeals, on various grounds wholly lacking in factual or legal support.  Andrews has also moved the district to proceed in forma pauperis,[34] which plaintiffs opposed based on the frivolous nature of his appeal[35]; the district court has not yet ruled on the motion.  Plaintiffs have also moved the district court to require the objector-appellants to post an appeal bond[36]; this motion remains pending as well.

Distribution to class members was scheduled to commence August 14, 2017,[37] but has been effectively stayed by the filing of these appeals.  Because distribution cannot take place until the three appeals are resolved, regardless of their merits, they place objectors in a powerful position to demand a "nuisance payment."

---

[32] Ex. 3 at 12.

[33] *Id*. at 1.

[34] Ex. 13.

[35] ECF No. 505.

[36] *Id*.; *see also* ECF Nos. 512 & 514 (replies).

[37] Ex. 12.

## Argument

## I. Summary affirmance of the rejected objections is appropriate.

This Court may summarily dispose of an appeal at "any time prior to the completion of briefing" when "it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further proceedings . . ."[38] "Where the outcome of a case is beyond dispute, a motion for summary disposition is of obvious benefit to all concerned."[39] This Court grants summary disposition when "the questions raised … are so insubstantial as not to require further argument."[40] Summary affirmance now, prior to merits briefing, is appropriate: appellants' objections easily fit within this standard, and the denial of their objections is the only ground on which appellants can base their appeal.[41]

This Court's "review of the district court's fairness determination is extremely limited . . ."[42] This Court will reverse "only upon a strong showing that the district court's decision was a clear abuse of discretion."[43] "This is especially true in light of the strong judicial policy that favors settlements, particularly where

---

[38] 9th Cir. R. 3-6.

[39] *U.S. v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982).

[40] *Bonilla v. Holder*, 317 F. App'x 710, 711 (9th Cir. 2009).

[41] *See Devlin v. Scardelletti*, 536 U.S. 1, 9 (2002) (an objector "will only be allowed to appeal that aspect of the District Court's order that affects him—the District Court's decision to disregard his objections").

[42] *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

[43] *Id.*

-8-

complex class action litigation is concerned."[44]  Similarly, this Court will "review a court's award of fees and costs to class counsel, as well as its method of calculation, for abuse of discretion."[45]

Summary affirmance has been granted in the context of a district court's approval of a class action settlement, including by this Court against appellant's Erwin's counsel.[46]  This Court has also regularly granted summary affirmance in appeals of preliminary injunction motions where, like here, the "sole inquiry is whether the district court abused its discretion."[47]

In short, although legitimate objectors can play a valuable role in class action litigation, appellants' objections provide no such benefit here.  Rather, their baseless objections, and the limited nature of this Court's review of the district court's orders, warrant summary affirmance at this time.

---

[44] *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998).

[45] *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015).

[46] *In re Wal-Mart*, 2010 WL 11545542; *Dennings*, 2013 WL 12233931.

[47] *See, e.g.*, *Horn v. Carter*, 209 F. App'x 672, 672 (9th Cir. 2006).

II. **Appellant Erwin's grounds for appeal are so insubstantial as not to justify further proceedings.**

This Court has summarily affirmed a district court's final approval order in an appeal where the objector appellant was also represented by Bandas and raised similar objections.[48] The outcome here should be no different:

A. **There is no basis in law or fact for Erwin's appeal of the fee award.**

Appellant Erwin objected that the fees requested by counsel were too high for two reasons. First, he objected to class counsel's use of the net, rather than gross, settlement fund in calculating fees.[49] But the rejection of this objection[50] does not provide a basis to appeal. The Ninth Circuit has made clear that the district court can use either in its discretion: "We have repeatedly held that the reasonableness of attorneys' fees is not measured by the choice of the denominator."[51] So this does not provide a legal basis to appeal.

Second, appellant Erwin objected because "Dr. John Connor estimated higher damages from Defendants' actions than did Plaintiffs' ultimate damages

---

[48] *Dennings*, 2013 WL 12233931; *see also* 2013 WL 12234566, at *12, *15-16, *17-18 (motion).

[49] Ex. 6 at 10.

[50] *See* Ex. 3 at 14-15.

[51] *In re Online DVD*, 779 F.3d at 953 (citing *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000), and *Staton v. Boeing Co.*, 327 F.3d 938, 974-75 (9th Cir. 2003)).

-10-

expert for trial, Dr. David L. Sunding."[52]  But, as found by the district court, appellant "provide[d] no basis to rely on Dr. John Connor's preliminary class certification analysis in assessing the value of the settlement to the class, or to use that number to reduce the reasonableness of Plaintiffs' requested attorneys' fees."[53] Rather, the district court recognized that it was an "implausible suggestion" that either Dr. Sunding or plaintiffs' counsel "essentially lowballed the damages estimate for the purpose of summary judgment and trial so that Plaintiffs could claim a greater percentage recovery for the class in the event of a settlement."[54]

Instead, the district court stated that "[i]f Dr. Sunding's damages calculation was flawed, it was not by being too low; indeed, at the time of settlement it was under attack in Defendants' pending *Daubert* motion.  The parties vigorously contested whether Dr. Sunding's damages estimate was too high; the record at the time of summary judgment did not reasonably support an even higher damages number."[55]  Thus, these issues are so manifestly insubstantial that no further argument is required.

---

[52] Ex. 3 at 3; *see also* Ex. 6 at 6-10.

[53] Ex. 3 at 3-4.

[54] *Id*. at 4; *see also Bickley v. Scheider Nat'l, Inc.*, No. 08-cv-05806-JSW, 2016 WL 9114937, at *1 (N.D. Cal. Nov. 28, 2016) ("unsupported accusations of fraud and collusion" rendered appeal frivolous, in ruling on in forma pauperis motion).

[55] Ex. 3 at 4.

## B.    Multipliers are permissible.

Appellant generally objected that the requested multiplier was too high.  But the Court exercised its discretion to award a *lower* multiplier than requested by counsel.  There is no basis for appellant now to contend that the district court abused its discretion in so deciding.

Indeed, appellant's objection focused on the flawed proposition that no multiplier is appropriate under *Perdue*.  But, as Erwin acknowledged, *Perdue* was a civil rights case applicable to federal fee-shifting statutes—as opposed to fees based on a common fund with a lodestar cross-check as here.[56]  And, as Erwin also acknowledged, this Court "has refused to extend the notion that risk multipliers are subsumed within the lodestar to common fund class action settlements."[57]

So then appellant fell back to arguing that Dr. Connor's $1 billion estimate should be credited over Dr. Sunding's $181 million estimate, such that the settlement constitutes only 3-5% of total damages.[58]  But, again, the district court found it an "implausible suggestion" that plaintiffs low-balled their estimated

---

[56] Ex. 6 at 11 & n.17.

[57] *Id.* at 12 & n.18 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002)).

[58] Ex. 6 at 13-14; *see also Bickley*, 2016 WL 9114937, at * 1 ("unfounded claims that class counsel had committed misconduct … do not give rise to a non-frivolous issue on appeal," in ruling on in forma pauperis motion).

-12-

damages in their expert report on the merits.  Thus, again, the issues raised by appellant are so insubstantial in law and fact as not to require further argument.

### C.      Paying fees with one check is permissible.

Finally, appellant Erwin also objected to an award of fees without an order allocating those fees among plaintiffs' counsel.[59]  But, as the Court found, "[f]ormal fee allocation is unnecessary in this case, where a limited number of firms are involved and there is no indication of any disagreement among the firms regarding fee allocation."[60]  Appellant provided no factual support to the contrary. So, like the other issues raised in appellant Erwin's objection, this one is so insubstantial that no further proceedings are necessary to dispose of it.

### III.    Appellant Andrews's various grounds for appeal are also so insubstantial as not to justify further proceedings.

Because appellant Andrews has moved the district court to appeal in forma pauperis under FRAP 24, he there stated the six issues that he "intends to present on appeal."[61]  All are so insubstantial as not to justify further argument.

---

[59] Ex. 6 at 14.

[60] *See* Ex. 3 at 17 (citing Newberg on Class Actions § 15:23 (5th ed.) and *Presley v. Carter Hawley Hale Profit Sharing Plan*, No. C 97-04316-SC, 2000 WL 16437, at *2 (N.D. Cal. Jan. 7, 2000) (awarding aggregate fees and directing that they be distributed to lead counsel "for distribution among Class Counsel in accordance with the terms of their agreement and the terms of the Agreement")).

[61] Fed. R. App. P. 24(a)(1)(C).  *See* Ex. 13 at 2-3.

*First*, he questions the absence of a Spanish notice on the settlement website and erroneously asserts that this was "raised and not resolved prior to approval."[62] But the district court specifically "overrule[d] Andrews's objection that notice was not provided in Spanish," because the notice directed class members to "a toll-free automated telephone support line [that] did provide notice in both English and Spanish."[63]

*Second*, Andrews contends that plaintiffs introduced "unfairly prejudicial information to the Court which biased the court" and "intentionally" failed to send the appellant their filing, which (now the *third* issue) resulted in the district court erring by not suppressing his deposition testimony.[64] He also contends these issues "were raised and not resolved" prior to approval.[65] But the district court did address these issues and plainly was not biased by plaintiffs' evidence that Andrews was a "serial objector." Indeed, the district court was not interested in such evidence: "[T]he Court accords limited weight to the deposition testimony. As explained at the final approval hearing, the Court's primary focus in ruling on the objections to the class settlement is on the merit, if any, of the objections

---

[62] *Id*. at 2.

[63] Ex. 3 at 6-7; *see also* Ex. 10, ¶¶ 14, 25.

[64] Ex. 13 at 2.

[65] *Id*.

-14-

themselves, not on whether a given objector is a 'serial' objector."[66]  And there is no factual support for the accusation that plaintiffs intentionally failed to send their opposition to the motion to suppress to Andrews.  As the Supreme Court has stated, a "fanciful factual allegation" does not provide the basis for an appeal.[67]  In any event, Andrews obviously received the opposition, because he replied to it.[68]

*Fourth*, Andrews speculates that "the lodestar calculation for some firms [was] artificially inflated based on what they should have but failed to state in their fee petition."[69]  But, again, unsupported conjecture of nefarious billing practices cannot support an appeal.[70]  Moreover, Andrews continues to contend that this was an issue "raised and not resolved prior to approval."[71]  But the district court addressed this issue as well:  "The requested fees and costs here are supported by adequate records provided by officers of the Court that comply with the Court's Procedural Guidance for Class Action Settlements. The Court has no reason to

---

[66] Ex. 3 at 2; *see also* Hearing Transcript, ECF No. 478 at 14:4-10 ("The Court does not need to hear argument on these issues.").

[67] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (in construing § 1915(d)).

[68] ECF No. 470.

[69] Ex. 13 at 3.

[70] *Neitzke*, 490 U.S. at 325; *Bickley*, 2016 WL 9114937, at *1.

[71] Ex. 13 at 2.

-15-

believe that Plaintiffs' counsel inflated their fees, and overrules all objections that suggest that the requested lodestar amount is too high."[72]

Indeed, when pressed to support his fanciful conjecture that "class counsel fibbed in their fee petition,"[73] all Andrews could muster in response was an article about the billing practices of other firms *not counsel of record in this litigation*.[74] Moreover, the attorneys in the article acknowledged that they had inadvertently "misstated the time worked by [contract] attorneys by some 9,000 hours."[75] Here, by contrast, counsel did not overstate any hours and all attorney work was performed by partners and associates of the involved firms at reasonable rates.[76] Thus, Andrews's accusations of "fraud" and "breaching [] fiduciary duties to the class" are wholly lacking in factual support.[77] And objections to a fee award that are based on "unfounded claims that class counsel had committed misconduct and had conflicting interests … do not give rise to a non-frivolous issue on appeal."[78]

For the same reason, the *fifth* stated issue—that the fees awarded were too high based on the lodestar being too high—is also frivolous, as it derives from the

---

[72] Ex. 3 at 16-17.

[73] ECF No. 511 at 6; duplicate submitted at Appeal No. 17-16459, Dkt. 4.

[74] *Id*. at 6-7 & Exhibit 1.

[75] *Id*. at Exhibit 1.

[76] Ex. 5, ¶ 40; *see also* ECF Nos. 436-2, ¶ 8; 436-3, ¶ 8; 436-4, ¶ 8; 436-5, ¶ 8.

[77] ECF No. 511 at 7; duplicate submitted at Appeal No. 17-16459, Dkt. 4.

[78] *Bickley*, 2016 WL 9114937, at *1.

-16-

fourth stated issue. And, finally, the *sixth* stated basis for appeal, which derives from all of the foregoing—"[a]re the issues above legal errors"—is also not well taken for the same reasons.[79]

In short, Andrews's appeal is simply not the "five star, non-frivolous, meritorious appeal that has legs like Godzilla"[80] that he contends it is. Instead, it raises issues so insubstantial that no further proceedings are justified.

## IV. Appellant Sweeney's various grounds for appeal are also so insubstantial as not to justify further proceedings.

In her three-page boilerplate objection,[81] Sweeney raises seven specific issues, each of which lacks any factual or legal foundation.

The first three issues are a variation on the same theme: a portion of class counsel's fee should be withheld until distribution is complete, as counsel are not currently committed to oversee the settlement process to its completion.[82] But

---

[79] Ex. 13 at 3.

[80] *Id*.

[81] Ex. 7. *See generally In re TRS Recovery Servs., Inc. & Telecheck Servs., Inc., Fair Debt Collection Prac. Act (FDCPA) Litig*., No. 13-md-2426, 2016 WL 543137, at *6 n.16 (D. Me. Feb. 10, 2016) (finding that Sweeney's objections "appear to be a form document . . . that he has filed in other class action settlements"); *In re Polyurethane Foam*, 178 F. Supp. 3d at 640 (describing Sweeney's objection as "pure boilerplate language, wholly untethered from the actual terms of the settlement"). Indeed, Pamela Sweeney apparently copied her objection here from one previously filed by her husband as she requested an incentive fee for "*his* role in improving the settlement." Ex. 7 at 4.

[82] Ex. 7, ¶¶ 1-3.

-17-

there is no factual basis for this speculative assertion, rendering appeal on this ground manifestly insubstantial.[83]  As the district court stated in overruling Sweeney's objection, "Class counsel is an experienced and well-respected firm and the Court finds that no such measure is necessary to ensure its compliance with the settlement agreement and the Court's orders."[84]

Sweeney's fourth objection was that the fees do not depend on the relief actually paid to class members.[85]  But this is simply incorrect.  The settlement provides for full disbursement of the settlement fund without any possibility of reversion to defendants.[86]  As stated by the district court, the "distribution of funds will be based on the number of valid claims filed, with the goal of the approximate *pro rata* distribution being to achieve a complete exhaustion of funds."[87]

Sweeney's fifth objection was that the fee award is too high when analyzed on a per-docket-entry basis.[88]  But Sweeney provided no basis in law or logic for this unorthodox method of fee evaluation.  So there is no basis to appeal it.

---

[83] *Bickley*, 2016 WL 9114937, at *1.

[84] Ex. 3 at 9; *see also* Ex. 5, ¶ 46 & Exhibit A.

[85] Ex. 7, ¶ 4.

[86] Ex. 9, ¶¶ 5-6.

[87] Ex. 3 at 7; *see also* Ex. 11 at 7 (claims administrator shall "redistribute any remaining funds to class members").

[88] Ex. 7, ¶ 5.

-18-

Sweeney's sixth objection was that the lodestar was not supported by detailed billing records "including hourly rates of the professionals, hour accumulated and reasonable costs incurred."[89]  Again, Sweeney is mistaken.  All of this information was included in class counsel's fee motion.[90]

Finally, Sweeney objected to class counsel's use of the net, rather than gross, settlement fund in calculating fees.[91]  But the rejection of this objection[92] does not provide a basis to appeal.  The Ninth Circuit has made clear that the district court can use either in its discretion:  "We have repeatedly held that the reasonableness of attorneys' fees is not measured by the choice of the denominator."[93]

In short, like appellants Erwin and Andrews, Sweeney appeals issues so manifestly insubstantial in fact and law that no further proceedings are required.

## Conclusion

For the reasons stated herein, this Court should grant summary affirmance.

---

[89] *Id.*, ¶ 6.

[90] Ex. 5 (lead counsel); *see also* ECF Nos. 436-2, 436-3, 436-4, 436-5 (co-counsel).

[91] Ex. 7, ¶ 7.

[92] *See* Ex. 3 at 14-15.

[93] *In re Online DVD*, 779 F.3d at 953 (citing *Powers*, 229 F.3d at 1258, and *Staton*, 327 F.3d at 974-75).

-19-

Respectfully submitted,

Dated:  August 28, 2017                    HAGENS BERMAN SOBOL SHAPIRO LLP

By   */s/ Steve W. Berman*
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
(206) 623-7292
steve@hbsslaw.com

Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000
jefff@hbsslaw.com

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA  91101
(213) 330-7150
elaine@hbsslaw.com

Daniel E. Gustafson (*pro hac vice*)
Jason S. Kilene (*pro hac vice*)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com

Shpetim Ademi (*pro hac vice*)
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, Wisconsin  53110
(414) 482-8000
sademi@ademilaw.com

-20-

Mark Reinhardt
Garrett D. Blanchfield
REINHARDT WENDORF &
BLANCHFIELD
332 Minnesota St., Suite 1250
St. Paul, MN 55101
(651) 287-2100
m.reinhardt@rwblawfirm.com
g.blanchield@rwblawfirm.com

*Attorneys for Plaintiffs-Appellees*

010263-11 981358 V1

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure, Ninth Circuit Rules, Rules 27-1(1)(d) because it is does not exceed the designated 20 page limit.

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman type.

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ Steve W. Berman
Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

*Attorneys for Plaintiffs-Appellees*

-22-

## CERTIFICATE OF SERVICE

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of Los Angeles, over the age of 18 years, and not a party to or interested in the within action; that declarant's business address is 301 N. Lake Ave., Suite 920, Pasadena, CA 91101.

2.     That on August 28, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, which will send notification of such filing to the CM/ECF participants registered as counsel of record in this action.

3.     That on August 28, 2017, I served by U.S. Mail true and correct copies of the foregoing to the following parties by placing said documents in envelopes addressed as shown below:

Christopher Andrews
P.O. Box 530394
Livonia, MI 48153-0394

Pamela A. Sweeney
2672 Mutchler Road
Madison, WI 53711

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 28th day of August 2017 in Pasadena, California.

*/s/ Jennifer Conte*
Jennifer Conte

-23-

010263-11  981358 V1